UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

KARLIE ARVILLA GEHRIG,

    Plaintiff,

                                              Case No. 2:16-cv-00119-PLM-TPG
v                                             District Judge Paul L. Maloney

TANYA ANN SAVAGE,

    Defendant.

_____/

| Steven J. Matz (P28082) | Raymond J. O'Dea (P37527) |
|---|---|
| MATZ & PIETSCH, P.C. | Michael S. Burink (P70517) |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 25800 Northwestern Hwy. #925 | 122 W. Spring Street |
| Southfield, MI 48075 | Marquette, MI 49855 |
| 248-799-8300 | (906) 225-1770 |

_____/

## **JOINT STATUS REPORT**

A Rule 16 Scheduling Conference is scheduled for August 22, 2016, at 11:00 a.m., before the Honorable Timothy P. Greeley, United States Magistrate Judge.

Appearing for the parties as counsel will be:

    Steven J. Matz (P28082)
    Matz and Pietsch, P.C.
    Attorney for Plaintiff
    25800 Northwestern Highway
    Suite 925
    Southfield, MI 48075
    (248) 799-8300


    Michael S. Burink (P70517)
    O'Dea, Nordeen and Burink, P.C.
    Attorney for Defendant
    122 W. Spring Street

1

    Marquette, MI 49855
    (906) 225-1770

1) <u>Jurisdiction:</u>  The basis for the Court's jurisdiction is diversity of citizenship - 28 U.S.C. §§ 1332.

2) <u>Jury or Non-Jury:</u>  This case is to be tried before a jury.

3) <u>Judicial Availability:</u>  The parties agree to have a United States Magistrate Judge conduct any and all further proceedings in this case, including trial, and to order the entry of final judgment.

4) <u>Geographic Transfer:</u>  A transfer for geographic convenience is not warranted in this case.

5) <u>Statement of the Case</u>:  This case involves:

### I. PLAINTIFF'S STATEMENT OF THE CASE

### Factual Basis of Plaintiff's Claim

Plaintiff, Karlie Arvilla Gehrig, was seriously injured when Defendant, Tanya Ann Savage, read-ended the vehicle in which Plaintiff was a passenger, causing Plaintiff's vehicle to rear-end the vehicle in front of it that was waiting to turn left.

Plaintiff suffered significant injuries, including multi-comminuted fracture of the right distal radius with dorsal deviation of the distal fragment and avulsion fracture of the ulnar styloid requiring multiple surgical repair procedures..

Defendant, Tanya Ann Savage, violated all of the duties set forth in paragraph 9 (a) thru (j) of Plaintiffs' Complaint, and caused a crash which was a proximate cause of the injuries and damages set forth in Plaintiff's Complaint.

### Legal Basis for Plaintiff's Position

    Plaintiff's Complaint is based on negligence.  Plaintiff must prove that Defendant owed Plaintiff a duty, violated that duty, and that those violations were a proximate cause of Plaintiff's injuries.  Plaintiff will demonstrate that Defendant violated one or

more of the duties owed pursuant to the Michigan Motor Vehicle Act, causing injuries to Plaintiff.

## II.     DEFENDANT'S STATEMENT OF THE CASE

On March 30, 2015, Plaintiff alleges she sustained personal injuries arising out of a motor vehicle accident that happened on 4th Street in Marquette, MI.  Plaintiff claims she was a passenger of a vehicle, which according to the police report, was driven and owned by Jenna Wheatley Lee.  Plaintiff claims she sustained a right wrist fracture that required surgery, and other damages as a result of this incident.

Defendant has denied any and all allegations of negligence, wrongdoing, violations and causation, and has named Jenna Wheatley Lee as a Non-Party at Fault.  Upon information and belief, the vehicle driven by Ms. Lee (of which Plaintiff was a passenger) rear-ended another vehicle just prior to the impact involving Defendant.

Liability, causation and damages are all at issue in this case.  Specifically, the extent of Plaintiff's injuries are unknown at this time.  The liability of Ms. Lee is an issue, and whether Defendant was negligent is also an issue. Plaintiff's claims are subject to requirements of the Michigan No-Fault Act, MCL 500.3101 et.seq.

6)     <u>Pendent State Claims</u>:  This case does not include pendent state claims.

7)     <u>Joinder of Parties and Amendment of Pleadings</u>:    The Defendant has identified Jenna Wheatley Lee as a non-party at fault.  The parties request sixty (60) days to file all motions for joinder of parties and to file all motions to amend the pleadings.

8)     <u>Disclosures and Exchanges</u>:

   (i)     The parties will provide disclosures as called for in FR Civ P 26(a)(1) thirty (30) days after the scheduling conference;

   (ii)    The parties have agreed to make available the following documents without the need of a formal request for production: Medical authorizations as requested.

   (iii)   Plaintiff will name all expert witnesses, along with their areas of expertise, and provide their curricula vitae by November 15, 2016;

   (iv)    Defendant will name all expert witnesses, along with their areas of expertise, and provide their curricula vitae by January 15, 2016;

3

    (v)    The parties will exchanges documents, including electronic documents, within their possession that they may use to support their claims or defenses within thirty (30) days of the scheduling conference;

    (vi)    The parties agree to waive the need to exchange written expert reports as contemplated and described by FR Civ P 26(a)(2);

    (vii)    The parties agree to require all experts to provide their file documents at least seven (7) days prior to said expert's discovery or trial deposition.

9) <u>Discovery</u>:  The parties believe that discovery will be completed by February 15, 2017.  The parties otherwise agree to the "presumptive limitations" regarding the number of depositions and interrogatories contained in the Federal Rules of Civil Procedure.

10)  The parties agree that each party will preserve any discoverable information within their possession until the completion of the action.  The parties also agree to produce discoverable ESI in native format except for drawings created in computer aided design software, and those electronically generated materials will be produced in PDF format and provided to the adverse party.

11)  The parties agree that items or materials inadvertently produced during discovery subject to privilege will not constitute a waiver of that privilege and that those documents will be immediately returned to opposing counsel and not used by the party that inadvertently received such documents.

12)  <u>Motions</u>:  The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed.  All motions shall affirmatively state the efforts of the moving party to comply with the obligation created

by Rule 7.1(d).

The following dispositive motions are contemplated by each party:

Plaintiff – Motion for Summary Disposition regarding liability and threshold

Defendant – To be determined

The parties anticipate that all dispositive motions will be filed within 60 days of the close of discovery.

13) <u>Alternative Dispute Resolution:</u>   The parties agree that this case is appropriate for ADR, to wit, either facilitative mediation or Case Evaluation as ordered by the court. The parties agree that ADR will be completed before March 15, 2017.

14) <u>Length of Trial:</u>   Counsel estimate the trial will last approximately 3 days total, allocated as follows: 2 days for plaintiff's case, 1 day for defendant's case

15) <u>Prospects of Settlement:</u>  The status of settlement negotiations is:  Unknown

16) <u>Electronic Document Filing System:</u>  Counsel are reminded that Local Civil Rule 5.7(a) now requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for filing under the rule.  The Court expects all counsel to abide by the requirements of this rule.  Pro se parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules.  Counsel opposing a pro se party must file documents electronically but serve pro se parties with paper documents in the traditional manner.

/s/ Steven J. Matz                                            /s/ Michael S. Burink
_____        _____
Steven J. Matz (P28082)                             Michael Stephen Burink (P70517)
Attorney for Plaintiff                                     Attorney for Defendant